ORDERED.

Dated:  August 14, 2023

_____
Caryl E. Delano
Chief United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:                                                                           Case No.: 8:22-bk-5052
                                                                                       Chapter:   11
TREASURE ISLAND YACHT AND TENNIS
CLUB OF PINELLAS COUNTY, LLC,

    Debtor.
_____/

## ORDER DISMISSING BANKRUPTCY CASE
## (WITH FOURTEEN DAY NOTICE PERIOD FOR OBJECTING CREDITORS)

THIS CAUSE came before this Court on August 8, 2023, at 2:30 p.m. (the "Dismissal Hearing") for consideration of "Debtor's Emergency Motion to Dismiss Or Convert, With Request To Reduce Notice Period" (the "Dismissal Motion") [Doc. 169], filed by Treasure Island Yacht and Tennis Club of Pinellas County, LLC (the "Debtor"), on July 25, 2023.[1]  In the Dismissal Motion, the Debtor has sought

---

[1] While other interrelated pending motions, applications, and objections (collectively, the "Pending Matters") are of record and were set for hearing all are deemed ancillary to this Court's findings, rulings,

a structured dismissal with respect to the above-captioned reorganization (this "Bankruptcy Case"). As more fully reflected below, this Court considered the Dismissal Motion in two separate respects. In the first instance, this Court considered the Dismissal Motion under Bankruptcy Code §1112(b), and this Court is entering this order (the "Dismissal Order") relating to dismissal issues. In the second instance, this Court has viewed the relief requested within the framework of Federal Rule of Bankruptcy Procedure 9019, and is entering a separate order (the "Compromise Order") to memorialize and approve a compromise of controversies as between the Debtor, Bank OZK (the "Bank"), and the so-called "Edwards Parties," consisting of William "Bill" Edwards, individually and as Trustee of the William Edwards Revocable Living Trust under agreement dated September 18, 1997, Sunshine Lane Investments, LLC, Gulf Golf Development, LLC, Central Avenue Properties, Inc., Marketing Solution Publications, Inc. ("Marketing Solutions"), 21st Century Venture Capital, L.L.C., Devil Dog Properties I, and Capri Isle Management, Inc. ("Capri").

At the Dismissal Hearing, John A. Anthony, Esquire and Cameryn R. Lackey, Esquire, appeared as counsel on behalf of the Debtor. Mr. Edwards was also present on behalf of the Debtor and in his own right, and David Lattner was present on behalf of the Debtor. John T. Rogerson III, Esquire and Angela N. Grewal, Esquire

---

and decisions relating to the structured dismissal and are overruled as moot as set forth below.

appeared as counsel for the Bank.  Edward J. Peterson, Esquire, appeared on behalf of Mr. Edwards and other Edwards Parties.  Trial Attorney Benjamin E. Lambers, Esquire appeared for the Office of the United States Trustee and voiced an objection.  No other parties were present in their own right or through counsel.

The background is evident from the record.  The Debtor owns a private club facility (the "Facility") located in Treasure Island, Florida, and runs a yacht and tennis club business from the Facility (the "Business").  The Bank possesses a claim against the Debtor asserted to be in the approximate principal amount of $15,175,048.94, secured by a first-perfected mortgage lien and security interest encumbering the Facility.  The Bank, as the primary creditor participating in this Bankruptcy Case, asserts that Mr. Edwards and several of the Edwards Parties are jointly and severally obliged with the Debtor for the Bank's claim.  Capri possesses a claim against the Debtor asserted to be in the approximate principal amount of $9,297,771, secured by a junior lien encumbering the Facility.  Bracketing interest accrual, this means that the primary asset of the estate, the Facility, is subject to secured claims that have to date been undisputed in the principal amount of no less than $24,472,819.94.  The value of the Facility has been placed by the Debtor at $7,080,000, and has been placed by the Bank at $18,990,000, based upon the MAI appraisals of each of them.  Accordingly, there appears to be no equity in the estate.

In addition, the Debtor has historically lost money in the operation of the Business and has been subsidized by Marketing Solutions, an insider entity controlled by Mr. Edwards. The Debtor has represented that the Business has operated at a loss under the management of four (4) prior owners, producing foreclosures and bankruptcies in the past. Marketing Solutions and Mr. Edwards have recently signaled that they are presently unable to further fund losses, due to financial and health related issues, as well as the absence of a favorable ruling in connection with land use litigation involving the Facility at a recent state court hearing.

For these and other reasons articulated by the Debtor at the Dismissal Hearing, which were not disputed by parties present, it is evident that the Debtor is continuing to experience difficulties inconsistent with successful reorganization. As more fully reflected below, this Court is satisfied that the requirements of Bankruptcy Code §1112(b) have been satisfied and that the relief requested should be granted to the extent set forth in this Dismissal Order.

The Dismissal Motion contains other requests for relief that this Court is considering under a separate framework governed by Federal Rule of Bankruptcy Procedure 9019. Accordingly, the Compromise Order will be entered pertaining to the compromise package that was integrated within the terms of the Dismissal Motion.

This Court has considered the representations and colloquy of counsel, has fully considered the record, and is advised in the premises of this matter. This Court adopts as findings of fact and conclusions of law all statements made on the record for purposes of fulfilling the requirements of Federal Rule of Bankruptcy Procedure 7052 and other applicable law. Accordingly, it is

**ORDERED, ADJUDGED, AND DECREED** as follows:

1. **Notice And Opportunity To Object:** As a threshold matter, the Dismissal Motion sought to reduce the notice period otherwise applicable under Federal Rule of Bankruptcy Procedure 2002(a)(4), to the extent required to grant all relief provided in this Dismissal Order. Accordingly, notwithstanding any other provision in this Dismissal Order, all parties in interest are hereby provided fourteen (14) days from the date of entry of this Dismissal Order to file and serve any objection to the relief granted herein. Any such objection must be served upon the Debtor, the U.S. Trustee, and all parties in interest in a manner consistent with Federal Rule of Bankruptcy Procedure 2002(a). If any such objection is filed, this Court may consider the same ex parte without the necessity of hearing if upon review no material question of fact exists, and this Court is satisfied that this Dismissal Order is appropriate as a matter of law. Otherwise, such an objection will be set for hearing. If no objection is filed within said time period, this Dismissal Order shall be final.

2. The Dismissal Motion is hereby granted, to the extent set forth herein, but not otherwise.

3. This Bankruptcy Case is dismissed.

4. All Pending Matters not referenced above are hereby denied as moot.

5. None of the Debtor's debts, liabilities, or obligations are discharged, by virtue of dismissal.

6. This Dismissal Order is not intended to adjudicate any other claim of any party in interest, including the amount, secured status, perfectedness, priority, or any other similar matter.

7. The automatic stay arising under Bankruptcy Code §362 is hereby terminated.

8. The Bank and the Edwards Parties waive all rights to rehearing, reconsideration, relief from judgment, or appeal that they might otherwise have under Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, or otherwise.

9. The Debtor, with or without the assistance of Mr. Edwards and the other Edwards Parties, is satisfying administrative expenses as a condition of dismissal.

10. Within ten (10) days of the entry of this Dismissal Order, the Debtor shall file all outstanding operating reports and pay all outstanding quarterly fees due to the Office of the United States Trustee under 28 U.S.C. §1930.

11. This Court retains jurisdiction to enforce the Debtor's requirements to file operating reports and pay quarterly fees to the Office of the United States Trustee, and for any other appropriate purpose in furtherance of dismissal.

12. Any party seeking a determination of the allowability of an administrative expense claim, including the Subchapter V Trustee must file appropriate application(s) with this Court within fourteen (14) days of the entry of this Dismissal Order.

13. This Court retains jurisdiction to adjudicate any timely filed applications. Failure to file an application timely will result in this Court taking no action on adjudicating whether to approve such administrative expense claim.

14. The Debtor shall pay any outstanding court fees, costs and charges, assessed under chapter 123, title 28, United States Code, if any, within fourteen (14) days of the entry of this Dismissal Order.

15. This Court further retains jurisdiction to address any other matters required in order to fully administer this Bankruptcy Case.

*John A. Anthony, Esquire is directed to serve a copy of this order on all interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order, in a manner consistent with Federal Rule of Bankruptcy Procedure 2002 and other applicable law, including the entire matrix in this Bankruptcy Case.*